## McAskie's Appeal.

[Marked to be reported.]

*Boroughs—Annexation to city—Act of May 23, 1889.*

The dismemberment of an adjacent borough by a process of annexation instituted by an adjoining city, cannot be permitted except in the exercise of a clearly expressed power to that effect, conferred by an act of the legislature: Pittsburgh's Appeal, 79 Pa. 323, applied.

Under the act of May 23, 1889, P. L. 280, giving power to annex to a city of the third class either a borough or a township, or part of a township or out-lots, or a section of land not exceeding one hundred acres, there is no authority for the annexation of a part of a borough adjacent to a city.

*Constitutionality of act of May 23, 1889.*

Not considered whether the provisions of the act of May 23, 1889, P. L. 280, relative to the annexation of territory is local legislation or whether the subject is clearly expressed in the title.

Argued May 31, 1892, reargued Feb. 21, 1893. Appeal, No. 461, Jan. T., 1892, by John G. McAskie from decree of Q. S. Lackawanna Co., April T., 1891, No. 269, setting aside report of viewers. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.; on re-argument, before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Petition of taxable citizens for annexation of land to city.

The facts appear by the opinion of the Supreme Court.

The court below, in an opinion by GUNSTER, J., set aside report of viewers in favor of annexation, on the ground that the proceedings were unwarranted by any law, that the title to the act of 1889 did not clearly express the subject of annexation, and that classification of cities was not permissible in matters of annexation of territory.

*Error assigned* was setting aside of report.

*Alfred Hand, Wm. J. Hand* with him, for appellant.—The annexation of out-lots, under the acts of 1874 and 1889, was clearly intended to cover part of a borough limited to one hundred acres: (1) Because it can apply to nothing else. (2) Because if it applies to land within a township it is part of a township,

a full and complete method for which is provided in the earlier sections of the act, and any other decision would make a confusing construction, or two remedies for the same thing. Devore's Ap., 56 Pa. 163.

The proper definition of out-lots, or adjacent sections of land, must vary to suit the case provided for. In the case of a borough it can only mean lots out of the borough and in a township; in the case of a city it must mean lots out of the city and in a borough or township.

The fact that "part of a borough" is not mentioned in the 4th section or any other, should have no weight; it would be tautological, it is there by the law of exclusion because all other modes of annexation are provided for in the previous sections, and of inclusion because nothing else could be in the mind of the legislature in the fourth section.

*S. B. Price, D. W. Connolly, J. Alton Davis* and *M. E. McDonald* with him, for appellee.—There is no authority for the annexation of a part of a borough to an adjacent city : West Phila. Borough, 5 W. & S. 281 ; Little Meadows Borough, 28 Pa. 256; Little Meadows Borough, 35 Pa. 336 ; Pittsburgh's Ap., 79 Pa. 323 ; Endlich on Int. of Stat., p. 492, § 353.

OPINION BY MR. JUSTICE GREEN, July 13, 1892 :

By the first section of the act of May 23, 1889, P. L. 280, it is provided that "any borough or township adjoining any city of the third class and being part of the county in which the same is situated may be annexed to such adjoining city in the following manner," etc., etc. By the fourth section of the same act it is provided that "Upon the application by petition signed by a majority or more of the taxable citizens, owners of any out-lots or sections of land containing not more than one hundred acres lying adjacent to any city of the third class and being part of the county in which the same is situated, to the court of quarter sessions of the respective county," stating their desire to have the same annexed to the city, viewers shall be appointed, etc., who shall make report, etc., and the court may make an order of annexation, etc.

It will be seen that power is given by this act to annex to a city of the third class either a borough or a township, or part

of a township, or out-lots or a section of land not exceeding one hundred acres. But there is no provision for the annexation of a part of a borough. In the present case the application of the petitioners was for the annexation of "certain out-lots or section of land containing not less than forty acres of land adjacent to the city of Scranton." The description of the territory proposed to be annexed commences on the division line between the city of Scranton and the borough of Dunmore and embraces land which, as appears by the report of the viewers and annexed draft, is wholly within, and is a part of the territory comprised in, the borough of Dunmore. Objections were filed by the borough of Dunmore to the appointment of viewers on the ground that the territory proposed to be annexed is part of the territory of the borough, and the annexation thereof to the city of Scranton would be a practical dismemberment of the borough, and would change the limits of the borough and of the school district therein contained, and would take away from the borough a school building of the value of $10,000 and upwards. The objections also denied the constitutionality of the legislation under which the proceedings were commenced, if such annexation could be accomplished.

In the view that we take of the case it is not necessary to consider the constitutional questions which were raised and discussed in the arguments of counsel. We are clearly of opinion that there is no authority for the annexation of a part of a borough adjacent to a city provided by the act of 1889. The 1st section of the act provides for the annexation of a borough, a township or part of a township. The 4th section provides for the annexation of out-lots or a section of land containing not more than one hundred acres. We do not think we can regard this provision as intended to embrace any portion of the territory previously occupied by the organization and incorporation of an adjacent borough. It is enough to know that the language of the act does not embrace such a case, and as there is no necessary implication from the words used, that part of a borough was intended to be included, we cannot declare that the act can have such a meaning. We think it plain that the 4th section of the act was intended to provide for the annexation of a small section of land immediately adjacent to a city, not as part of a township, but distinc-

tively, as a minimum tract or piece of land ordinarily regarded as out-lots which may be entirely without population. We are sustained in this view by the language of the 5th section which enacts that, " whenever any borough, township or part thereof, out-lots or section of land shall be annexed to an adjoining or adjacent city, as hereinbefore provided, it shall be the duty of the court," etc., etc. Here the subdivision of land called " out-lots or section of land " which may be annexed, is recognized as a distinct subject of annexation proceedings, separately and independently of the other subdivisions called " borough, township or part thereof." Upon recurring to the 1st and 4th sections we find that in the case of a borough the town council may pass an ordinance for such annexation whenever three-fifths of the taxable inhabitants of the borough shall present a petition asking therefor ; in the case of a township or part of a township three-fifths of the taxable inhabitants of such township or part of a township shall present a petition to the councils of the city asking for annexation, and in case of a part only of a township the petition shall be accompanied by a plot of the same. Then by the 2d section of the act " upon the presentation to the councils of the city of a certified copy of the ordinance in the case of a borough, or of the petition in the case of a township, or of the petition and plot in the case of a part of a township, said councils may by ordinance annex such borough, township or part of a township to said city." The foregoing are the proceedings by means of which the city shall annex a borough, a township or a part of a township. But the proceeding to annex out-lots or a section of land containing not more than one hundred acres lying adjacent to the city, is quite different. In that case a petition signed by a majority, or more, of the taxable citizens, owners of the out-lots or section of land adjacent to the city, and being part of the county in which the city is situated, must be presented to the court of quarter sessions of the county stating that they desire the same to be annexed to the city, the necessity therefor, and describing the lots of land to be annexed with a map or draft of the same, together with a joint resolution of the councils of the city approving of the annexation. Thereupon the court shall appoint five viewers to inquire into and investigate the allegations and facts stated in the petition, and if they report favor-

ably to the annexation the court shall make a decree to carry
the same into effect, and thereupon the out-lots or section of
land shall become a part of the city.   In the case of the annex-
ation of out-lots or a section of land adjoining a city the decree
of the court of quarter sessions declares and establishes the
annexation, while in the case of a borough or township the an-
nexation is finally accomplished by an ordinance of the coun-
cils of the city.   It is perfectly manifest therefore that the
annexation of out-lots or a section of land adjacent to a city, is
not accomplished by regarding the territory to be annexed as
part of a township, and the 4th section of the act is exclusively
applicable only to a subdivision of territory called out-lots or a
section of land.   The provisions of that section could not be
applicable to the annexation of a borough, since in that case
the preliminary proceeding must be the passage of an ordi-
nance by the town council of the borough after a petition has
been presented signed by three-fifths of the taxable inhabitants
of the borough.   There never was such an ordinance, on the
contrary the borough of Dunmore is opposed to the annexa-
tion of any part of its territory.   Neither the 4th nor any other
section of the act of 1889 authorizes the annexation of a part
of a borough to an adjacent city, and hence the proceeding in
this case is without any authority of law and cannot be sus-
tained.

The decree of the court below is affirmed and appeal dis-
missed at the cost of appellants.


PER CURIAM, March 6, 1893:

After a very patient consideration of the extremely able ar-
gument of the learned counsel for the appellant in this case,
we are unable to discover any sufficient reason for departing
from our former opinion.   The dismemberment of an adjacent
borough, by a process of annexation instituted by an adjoining
city, cannot be permitted except in the exercise of a clearly
expressed power to that effect, conferred by an act of the legis-
lature.   We so held in Pittsburgh's Appeal, 79 Pa. 317.   We
there said, "No presumption can be invoked in favor of such a
power, for it is strange and unique, and unless some legislative
grant containing it, in terms, is produced, we must pronounce
the exercise thereof, in the present case, a mere usurpation."

We expressed in the former opinion the reasons which induced us to hold that this power did not exist under the act of 1889. We do not think it necessary to repeat them. We are still of the same conviction.

Judgment affirmed.